IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY O'KEEFE,

        Plaintiff,                      No. CIV S-05-1724 GEB GGH P

    vs.

Unnamed,

        Defendants.           ORDER

_____/

        Plaintiff, a state prisoner at Salinas Valley State Prison, has filed a letter addressed to Judge Lawrence K. Karlton, seeking unspecified assistance and expressing thoughts of depression and suicide. The letter is docketed as filed on August 17, 2005, but was not actually entered in this court's docket until August 26, 2005. No other pleadings have been filed by the plaintiff. In order to commence an action, plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure, and plaintiff must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis.[1] See 28 U.S.C. §§ 1914(a), 1915(a). The court will construe plaintiff's filing as a pleading claiming inadequate medical care in violation of the Eighth Amendment for a serious psychiatric condition. However, this

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.

1

"complaint" must be dismissed and an action properly commenced, naming individual defendants who have allegedly deprived plaintiff of the medical care for what he claims to be a serious medical condition in order that any such individuals may be served with an operative form of plaintiff's complaint.

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff will be provided the opportunity to file an amended complaint pursuant to 42 U.S.C. § 1983, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee pursuant to 28 U.S.C. §§ 1914(a), 1915(a). In addition, the court has little choice, in light of plaintiff's expressions of suicidal ideation, notwithstanding that they may be melodramatic and manipulative, but to direct the Office of the Attorney General to contact SalinasValley State Prison officials to monitor plaintiff for his own safety.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's vague request for assistance, filed in this court on August 17, 2005, construed as a complaint, is dismissed with leave to file an amended complaint within thirty days from the date of service of this order. The amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case; plaintiff must file an original and two copies of the amended complaint. Plaintiff shall also submit,

within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $250.00. Plaintiff's failure to comply with this order will result in a recommendation that this matter be dismissed;

2. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action, and the application to proceed in forma pauperis by a prisoner;

3. The Clerk of the Court is also directed to send a copy of plaintiff's letter, filed on August 17, 2005, and a copy of this order upon Constance L. Picciano, Supervising Deputy Attorney General; and

4. The Office of the Attorney General is directed to alert Salinas Valley State Prison officials to plaintiff's suicide threats and to take whatever steps are necessary to monitor plaintiff to assure his health and safety in light of his expressed thoughts of depression and suicide.

DATED: 9/6/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
okee1724.noc

3